FeeemAN, J.,
delivered the opinion of the Court.
The land in controversy in this case was ordered to be sold by the County - Court of Marshall county, for partition between the heirs of James Glenn. The land was sold, and bought by one P. Fox, at $15 per acre. The clerk made his report of this sale, and thereupon the petitioners filed a petition, before *368 tbe confirmation of the sale, setting forth that the land was sold for a grossly inadequate price, claiming that it was worth from twenty-five to thirty dollars per acre, some seventy-five per cent, more than it sold for, giving some reasons, not very satisfactory however, why it had brought no more at the sale, and one of the petitioners proposing to advance on the bid ten per cent. They insist that as there are minors and married women to be affected by the sale and whose rights are involved, the court should open the biddings, and in a word, order another sale of the land. The Court, without more than the statements of the petition, refused the application and confirmed the report, from which action an appeal was prayed to this Court. Without going into the numerous and somewhat conflicting cases to be found in our books on the question of setting aside sales, or rather refusing to confirm them, and ordering a resale of land, it suffices to say, in the language of Judge Green in the case of Donaldson v. Young & Coker, 7 Hum., 267, “that on this subject the decision of each case must depend on its own circumstances,” and the court, we add, should exercise a sound judicial discretion in granting or refusing such applications, taking into view the interest of the parties, for whose benefit the sale is sought, and at the same time the policy of the law, that judicial sales should not be lightly set aside, or refused to be confirmed by the courts. In this character of cases, when land is sold for the accommodation of parties, the sale should be relaxed too, in favor of a policy that shall secure the best price possible *369 for the land, and especially ought this to be the case when minors are to be affected by the sale of their property. The court acts as a sort of judicial agent in making the sale for the parties, and as far as is consistent with sound policy, should protect the interests of such parties, and see that the property is not sacrificed.
We think that under the circumstances of this case the Court should not have confirmed the report, but should have ordered another sale.
In doing this, however, the proper practice is to require the party offering the advance bid, to secure to the satisfaction of the court, the amount offered, as a condition on which the sale will be ordered again. This is to be required in order that a sale shall be had at all events at the advance price.
Let the case be remanded, with directions that on securing the bid at the advance proposed, the land be ordered to be resold, the bidding to commence at the price so advanced by petitioners. The purchaser will pay the costs in this Court.
Note. — For a discussion of the subject of opening the biddings, see a review of Click v. Burris, (Knoxville, 1871,) in the Southern Law Review, July, 1874, Vol. iii, No. 3, p. 423, etc.